

E-FILED
Tuesday, 18 January, 2022 11:20:11 AM
Clerk, U.S. District Court, ILCD

AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Central District of Illinois

JUL 3 0 2021

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

INFORMATION ASSOCIATED WITH DROPBOX, INC. USER
"shikabanedropbox@gmail.com AND THE USER ID "3268354512" THAT
IS STORED AT PREMISES CONTROLLED BY DROPBOX, INC., more
particularly described on Attachment A hereto.

)
)
)
)
)
)

Case No. 21-MJ- **709/**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A

located in the _____ Northern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2251, 2252A and 2252(a)(2) | Trafficking Child Pornography, Distribution and Receipt of Child Pornography, Possession and Transportation of Child Pornography |

The application is based on these facts:

See Affidavit of Detective Sergeant Tim McNaught, Department of Homeland Security, Homeland Security Investigations, Urbana Police Department

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

s/Tim McNaught

_____
*Applicant's signature*

Tim McNaught, Urbana PD, Dept. of Homeland Security
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

Telephone

7/30/2021

*(specify reliable electronic means)*

s/Eric I. Long

Date: ~~07/29/2021~~

_____
*Judge's signature*

City and state: Urbana, Illinois

United States Magistrate Judge, Eric I. Long
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION
## FOR SEARCH WARRANT

I, Detective Sergeant Tim McNaught, being first duly sworn, hereby depose and state as follows:

1.      I am currently and for the last 22 years have been a police officer for the Urbana Police Department.  I am currently assigned to the Criminal Investigations Division, and have been assigned to investigate child exploitation offenses, including the illegal distribution, receipt and possession of child pornography.  I am also a member of the Illinois Attorney General's Internet Crimes Against Children Task Force and a Homeland Security Investigations (HSI)/Immigration and Customs Enforcement (ICE) Task Force Officer.  As part of my duties as an HSI/ICE TFO, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violations of 18 U.S.C. §§ 2251, 2252(a), and 2252A.

2.      I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media.  I have also participated in the execution of numerous search warrants, many of which involved child exploitation and/or child pornography offenses.  In addition, I have received training in digital investigations and computer forensics from the Internet Crimes Against Children Training and Technical Assistance Program, the National White Collar Crime Center, and on the use of specialized forensic software

programs, including EnCase by OpenText, Forensic ToolKit by Access Data, Cellebrite for mobile devices and Axiom by Magnet Forensics for both computers and mobile devices.

3.    As a TFO, I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S. C. § 2510(7), and am empowered by law to conduct investigations of, and to make arrests for, child exploitation and child pornography offenses enumerated in 18 U.S.C. §§ 2251, 2252 and 2252A, et seq. As an HSI TFO, I am authorized to execute warrants issued under the authority of the United States.

4.    The statements contained in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, and witnesses. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included every fact known to me concerning this investigation. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only. I have set forth only the facts that I believe are necessary to establish probable cause, and that the fruits, evidence and instrumentalities of the offenses listed, will be in the following locations.

5.    I make this affidavit in support of an application for a search warrant for information associated with the user accounts that are stored at premises owned, maintained, controlled, or operated by Dropbox, Inc., headquartered at 185 Berry Street,

2

4th Floor, San Francisco, CA 94107 hereinafter referred to as "premises," and further described in Attachment A hereto.

## STATUTORY AUTHORITY

6.      This investigation concerns alleged violations of 18 U.S.C. § 2252A, relating to material involving the sexual exploitation of minors.

      a.      18 U.S.C. § 2252A(a)(2) prohibits knowingly receiving or distributing any child pornography that has been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer.

      b.      18 U.S.C. § 2252A(a)(5)(B) prohibits a person from knowingly possessing any book, magazine, periodical, film, videotape, computer disk, or other material that contains an image of child pornography that has been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer.

## JURISDICTION

7.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3

## DROPBOX INC.

8.      "Dropbox" refers to an online storage medium on the internet accessed from a computer or electronic storage device.  As an example, online storage mediums such as Dropbox make it possible for the user to have access to saved files without the requirement of storing said files on their own computer or other electronic storage device.  Dropbox is an "offsite" storage medium for data that can be viewed at any time from any device capable of accessing the internet.   Users can store their files on Dropbox and avoid having the files appear on their computer.  Anyone searching an individual's computer that utilizes Dropbox would not be able to view these files if the user opted only to store them at an offsite such as Dropbox.  These are often viewed as advantageous for collectors of child pornography in that they can enjoy an added level of anonymity and security.

9.      According to Dropbox's privacy policy, at https://www.dropbox.com/privacy, Dropbox collects and stores "the files you upload, download, or access with the Dropbox Service," and also collects logs: "When you use the Service, we automatically record information from your Device, its software, and your activity using the Services. This may include the Device's Internet Protocol ("IP") address, browser type, the web page visited before you came to our website, information you search for on our website, locale preferences, identification numbers associated with your Devices, your mobile carrier, date and time stamps associated with

4

transactions, system configuration information, metadata concerning your Files, and other interactions with the Service, "Dropbox is a free service that lets you bring all your photos, docs, and videos anywhere. This means that any file you save to your Dropbox will automatically save to all your computers, phones and even the Dropbox website."

10.      Dropbox provides a variety of on-line services, including online storage access, to the general public.  Dropbox allows subscribers to obtain accounts at the domain name www.dropbox.com.  Dropbox offers free and paid services that allow users to add photos, documents, videos, and files to their account.  Dropbox automatically saves these files to all the user's computers and even the Dropbox website, so they may be accessed from anywhere.  Dropbox's free accounts allow up to 2GB of space. Dropbox offers plans that cost $9.99 a month to allow user's 1,000 GB space to store their files, and $15.00 a month to allow user's unlimited storage space. Subscribers obtain a Dropbox account by registering with an email address.  During the registration process, Dropbox asks subscribers to provide basic personal identifying information.  This information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative e-mail addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number).

5

11.      When the subscriber transfers a file to a Dropbox account, it is initiated at the user's computer, transferred via the Internet to the Dropbox servers, and then can automatically be synchronized and transmitted to other computers or electronic devices that have been registered with that Dropbox account.  This includes online storage in Dropbox servers.  If the subscriber does not delete the content, the files can remain on Dropbox servers indefinitely. Even if the subscriber deletes their account, it may continue to be available on the Dropbox servers for a certain period of time.

12.      There are different ways that files can be shared through Dropbox.  A common way to share a single file is to create and send a hyperlink to another person, even if that person is not a Dropbox user.  The receiving person clicks on the hyperlink to view the file and that person can also download the file and save it to their computer. A popular way to share multiple files is to create a shared folder.  Shared folders let users collaborate on a set of files.  A Dropbox user can send an invitation to join a shared folder to another Dropbox user.  When that person accepts the invitation the folder will then appear in that person's Dropbox.  Any member of the folder can view the files and also edit, add, or delete files within that folder.  Changes to the contents of a shared folder are synced with the other members shared folders almost instantly.

13.      Online storage providers typically retain certain transactional information about the creation and use of each account on their systems.  This information can include the date on which the account was created, the length of service, records of log-

6

in (i.e., session) times and durations, the types of service utilized, the status of the

account (including whether the account is inactive or closed), the methods used to

connect to the account, and other log files that reflect usage of the account.  In addition,

online storage providers often have records of the Internet Protocol address ("IP

address") used to register the account and the IP addresses associated with particular

logins to the account.  Because every device that connects to the Internet must use an IP

address, IP address information can help to identify which computers or other devices

were used to access the account.

14.     In some cases, Dropbox account users will communicate directly with

Dropbox about issues relating to the account, such as technical problems, billing

inquiries, or complaints from other users.  Online storage providers typically retain

records about such communications, including records of contacts between the user and

the provider's support services, as well as records of any actions taken by the provider

or user as a result of the communications.

## DETAILS OF THE INVESTIGATION

15.     On June 4, 2020, Dropbox reported to the National Center for Missing and

Exploited Children (NCMEC) that a user had been seen uploading child pornography

to a Dropbox account. NCMEC generated CyberTipline Report #73229617 which was

then forwarded to the Illinois Attorney General's Office, Internet Crimes Against

Children (ICAC) division and ultimately forwarded to me due to the associated IP address geo-locating to Urbana, Illinois.

16. Dropbox identified the user name as "Brandon Knoff", the email address associated with the account as "shikab4ne@gmail.com", the user ID as "171959632" and the associated IP address as "98.212.130.210." Dropbox flagged 1 file that was uploaded to the Dropbox account and Dropbox reported to have viewed the file. According to the CyberTip, the incident time for this file upload was June 3, 2020, at 19:51 (UTC). The CyberTip also reported numerous logins to this account via IP address 98.212.130.210 from November 5, 2019, at 04:29 hours (UTC) to April 18, 2020 at 09:45 hours (UTC).

17. Upon receipt of a CyberTipline report, NCMEC conducts an automatic process, and this process identified a file as a category A1 file, meaning the file depicted a prepubescent child engaged in a sexual act. I also reviewed the file and below is a description of the A1 categorized file:

    a. *"2020-04-12 15-17-50.flv"*: This 40 second video clip depicts a nude prepubescent female child wearing what appears to a leather-style dog collar around her neck and is performing oral sex on a dog. From prior cases I have worked, I know this video to be part of the identified NCMEC series known as the "Jenny Series."

18. On April 14, 2021, Dropbox reported to the NCMEC that a user had been seen uploading child pornography to a Dropbox account. NCMEC generated

8

CyberTipline Report #88945837 which was then forwarded to the Illinois Attorney General's Office, Internet Crimes Against Children (ICAC) division and ultimately forwarded to me due to being associated with the above four CyberTips (Note: No IP address was given with this CyberTip report).

19.     Dropbox identified the user name as "Brandon Knoff", the email address associated with the account as "shikabanedropbox@gmail.com" and the user ID as "3268354512". Dropbox flagged 1 file that was uploaded to the Dropbox account and Dropbox reported to have viewed the file. According to the CyberTip, the incident time for this file upload was April 13, 2021 at 07:49 hours (UTC).

20.     Upon receipt of a CyberTipline report, NCMEC conducts an automatic process, and this process identified a file as a category A1 file, meaning the file depicted a prepubescent child engaged in a sexual act. I also reviewed the file and below is a description of the A1 categorized file:

    a.  "*Video May 14, 4 27 30 AM.mp4*": This 55 second video depicts a nude prepubescent female child straddling a nude adult male. The male has an erect penis and is penetrating the female child's vagina.

21.     On May 6, 2021, I sent a letter of preservation to Dropbox for the user name "Brandon Knoff", the email address associated with the account as "shikabanedropbox@gmail.com" and the user ID "3268354512".

**SUBPOENA RESULTS FOR IP ADDRESS 98.212.130.210**

22.     I determined that the IP address, 98.212.130.210, was assigned to the Internet Service Provider: Comcast Communications LLC, 650 Centerton Road, Moorestown, NJ 08057.  On June 24, 2020, a United States Department of Justice subpoena was issued and delivered to Comcast Cable Communications requesting subscriber information for the subscriber assigned the IP address 98.212.130.210 from February 14, 2020, to April 14, 2020.

23.     On June 25, 2020, Comcast provided the results for the subpoena indicating that IP address 98.212.130.210 was assigned to subscriber Luis Fonseca, at 2002 North Willow Road, Urbana, IL 61801, in the Central District of Illinois, later identified as the residence of Brandon Knoff.

24.     On May 27, 2021, a second United States Department of Justice subpoena was issued and delivered to Comcast Cable Communications requesting subscriber information for the subscriber assigned the IP address 98.212.130.210 from June 11, 2020 to April 14, 2021.

25.     On June 9, 2021, Comcast provided the results for the subpoena indicating that IP address 98.212.130.210 was assigned to subscriber Luis Fonseca, at 2002 North Willow Road, Urbana, IL 61801, in the Central District of Illinois, later identified as the residence of Brandon Knoff.

26.     On July 22, 2021, United States Magistrate Judge Eric I. Long authorized the search of KNOFF's residence on North Willow Road in Urbana.

27.         On July 26, 2021, at approximately 7:45 a.m., agents with the Department of Homeland Security and Urbana Police Department executed this warrant at KNOFF's residence on North Willow Road, in Urbana. Agents encountered KNOFF in his bedroom in the residence.

28.         KNOFF was transported to the Urbana Police Department where he agreed to an interview after being properly advised. KNOFF admitted to using various social media and Dropbox accounts, including the ones specified in the CyberTip, to receive child pornography images. KNOFF also admitted to becoming aroused by and masturbating to some of child pornography he viewed. KNOFF specifically remembered receiving and viewing the video identified herein as part of the "Jenny Series"

29.         Based on my training and expertise in digital forensic analysis, I previewed one of several digital media items seized from KNOFF's residence, from his bedroom. This item, a computer processing unit, that KNOFF admitted he built himself, contained a 1TB Samsung solid-state hard drive.  KNOFF indicated that his child pornography collection was located in the "H" folder on the desktop of this computer.  I located the "H" folder and found a substantial number of subfolders nested within it, including a folder called "stash" and within that, a folder called "y." Within the "y" folder, I located multiple subfolders such as, "B" that contained images and videos that depicted young male children engaged in sexually explicitly conduct.   Another folder called, "Bj"

11

contained images and videos of minors engaged in oral sexual intercourse.

30.      I located a file called "*Photo Aug 03, 2 20 02 PM.jpg*" in the "Fucking" folder,

on KNOFF's desktop.  This file depicted close-up image of a toddler or infant female with

an adult male's penis inserted into the child's vaginal opening with a substance that

appears to be semen surrounding the tip of the male's penis.  The file included the

following file attributes:

Last Accessed: 05/15/21 04:37:04AM

File Created: 08/03/20 02:21:25PM

Last Written: 08/03/20 02:21:25PM

31.      I also located a video file from the "Jenny Series" called, "*#(Pthc) 9Yo Jenny*

*Blows Dad & Dog (5).mp4*" in the "y" folder of KNOFF's desktop.  This video file depicts

a nude prepubescent female child wearing what appears to a leather-style dog collar

around her neck and is performing oral sex on a dog. The file included the following file

attributes:

Last Accessed:    05/30/21 12:07:25AM

File Created:       08/27/20 02:39:12AM

Last Written:       08/27/20 02:39:11AM

32.      I also located a video file called "*Video May 14, 4 27 30 AM.mp4*" in the

"Fucking" folder, on KNOFF'S desktop.  This video file depicts a 55 second video of a

nude prepubescent female child straddling a nude adult male. The male has an erect penis and is penetrating the female child's vagina. The file attributes associated with this file are:

Last Accessed:    05/29/21 11:31:52PM

File Created:    04/12/21 01:25:00AM

Last Written:    04/12/21 01:25:06AM

33.    On May 6, 2021, a letter was sent to Dropbox requesting preservation of records and other evidence, pursuant to 18 U.S.C. §2703(f), for a period of 90 days for all Dropbox user accounts: "shikabanedropbox@gmail.com" and the user ID "3268354512." Later on May 6, 2021, I received a confirmation email from Dropbox stating that they received my preservation request and assigned it to reference number CR-2021-02374.

## DROPBOX, INC.'s POLICIES REGARDING DISCLOSURE AND PRODUCTION

34.    Additionally, I know from training and experience that Dropbox, Inc. has a policy that they will notify any account holders of existing legal process, such as subpoenas or search warrants, unless specifically asked not to by through a motion to seal and/or order of non-disclosure. I know from training and experience that those who distribute child pornography can easily erase, format, or delete electronic media, thereby destroying the evidence of the crime. When this is performed, it is difficult, or even impossible for the media to be recovered. Accordingly, there is reason to believe that notification of the existence of the subpoena will seriously jeopardize the

investigation, including by giving the target an opportunity to flee, destroy or tamper with evidence, change patterns of behavior, or notify confederates. Therefore, an application for non-disclosure accompanies this warrant.

35.     I am also aware that Dropbox has published a law enforcement handbook that outlines limitations on Dropbox's production of content. Said handbook provides the following:

"Due to technical constraints, we can **only** produce the content of a Dropbox account in response to a search warrant that requests a **complete** reconstruction of an account as of the date of warrant service or the date of a prior preservation request. Dropbox cannot filter our responses to include only certain file types. For example, we cannot produce content in response to warrant language requesting "all images and videos." Dropbox also cannot filter our responses to include only files on a single date or during a specific time period. For example, we cannot produce content in response to warrant language requesting "all files uploaded between DATE1 and DATE2." By default, we produce the state of a Dropbox account as it was on the day we process the warrant, unless the search warrant specifically requests content pursuant to a previous preservation request."

36.     Due to the technical constraints on Dropbox, Inc. in the production of records as outlined above, I am requesting authorization to execute the search warrant in two stages.

**A.**     **Stage 1** of the search will consist of Dropbox, Inc. searching Dropbox's records and providing your affiant with the following instruments, articles, and things:

1.     Any and all Basic Subscriber Information associated with aforementioned Dropbox account including but not limited to name and address, phone numbers, email addresses, creation date of account, account status, any and all additional account information on record, friends and or contact list(s), registration Internet Protocol address of account, date of account registration, all available archived Internet Protocol address history logs, last known Internet Protocol addresses and all devices associated with the account;

2.     The contents of any and all stored files associated with the aforementioned Dropbox account and including logs indicating the · IP address, date, and time of upload of each individual file;

3.     Any and all Dropbox account logins for aforementioned Dropbox account to include date and time user(s) logged into account and Internet Protocol address recorded at the time of login; and

15

4.      Any and all payment information including credit card or debit card number or bank account number and associated payment information.

**B.**      **Stage Two** of the search will consist of your affiant or other members of law enforcement searching the records provided by Dropbox, Inc. as outlined above and seizing the following instruments, articles, and things contained in those records:

For the time period of 11/05/2019 through Present:

1.      Any and all Basic Subscriber Information including but not limited to name and address, phone numbers, email addresses, creation date of account, account status, any and all additional account information on record, friends and or contact list(s), registration Internet Protocol address of account, date of account registration, all available archived Internet Protocol address history logs, last known Internet Protocol addresses and all devices associated with the account;

2.      The contents of any and all stored digital images and/or video files of child pornography including logs indicating the IP address, date, and time of upload of each individual file;

3.      Any and all Dropbox account logins for aforementioned Dropbox account to include date and time user(s) logged into account and [internet Protocol address recorded at the time of login;

16

4.	Any and all payment information including credit card or debit card number or bank account number and associated payment information;

5.	Any and all information regarding National Center for Missing & Exploited Children (NCMEC) "Cybertip" reference number: 73229617 & 88945837;

6.	Any and all evidence, data or information pertaining to the identity of the user having dominion, control or authority over the Dropbox account;

7.	Any and all evidence, data or information pertaining to the intent to possess or disseminate child pornography.

37.	Dropbox, Inc. must provide all items in the accounts above, because Dropbox, Inc. has no reasonable means to distinguish evidence of the crimes from any other records contained within the sought after accounts. Therefore, after Dropbox, Inc. seizes the items and produces them to me, [and/or other designated agents and/or civilian forensic examiners authorized to execute the warrant or assist therein will search the items for evidence of the crimes articulated above, which may be intermingled with innocent or innocuous documents or records. Files, documents, and data that are determined to be irrelevant to the crimes described herein will be segregated and not subject to further review.

38.     I further requests that all records and information required to be provided

pursuant by this search warrant be provided in a commercially reasonable electronic

format specified by the Department of Homeland Security, Immigration and Customs

Enforcement and the Urbana Police Department; and that those records be delivered

forthwith via electronic media to the agent serving this order, as directed by your

affiant. I request that Dropbox shall disclose responsive data, if any, by sending to the

attention of Detective Sergeant/TFO Tim McNaught, Urbana Police Department, 400 S

Vine St, Urbana, IL 61801, using the US Postal Service or another courier service,

notwithstanding 18 U.S.C. 2252A or similar statute or code.

## CONCLUSION

39.      Based on the aforementioned factual information, your affiant respectfully

submits this affidavit in support of probable cause for a warrant to search the location

described in Attachment A and seize the items described in Attachment B which are in

violation of 18 U.S.C. § 2252A including items of instrumentality for those crimes.

## REQUEST TO SEAL

40.      It is further requested that this affidavit be sealed by the Court until such

time as the Court directs otherwise.  Given the confidential nature of this investigation,

disclosure would severely jeopardize the investigation in that it might alert the targets

of the investigation at the Dropbox user accounts to the existence of an investigation

and likely lead to the destruction and concealment of evidence, and/or flight.

FURTHER YOUR AFFIANT SAYETH NOT

s/Tim McNaught

Tim McNaught
Department of Homeland Security
Homeland Security Investigations

Attested to by the affiant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
electronic mail and telephone on July 29, 2021.
                                                            30

s/Eric I. Long

Eric I. Long
United States Magistrate Judge

19

## <u>ATTACHMENT A</u>

### LOCATION TO BE SEARCHED

The location to be searched is the following user accounts that are stored at premises owned, maintained, controlled, or operated by Dropbox, Inc., headquartered at 185 Berry Street, 4th Floor, San Francisco, CA 94107:

"shikabanedropbox@gmail.com" and the user ID "3268354512

**ATTACHMENT B**

**ITEMS TO BE SEARCHED FOR AND SEIZED**

I.     **Information to be disclosed by Dropbox, Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Dropbox, including any messages, records, files, logs, or information that have been deleted but are still available to Dropbox or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Dropbox is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.     The contents of all folders associated with the account, including stored or preserved copies of files sent to and from the account, the source and destination addresses associated with file, and the date and time at which each file was sent;

b.     All transactional information of all activity of the Dropbox accounts described above, including log files, messaging logs, records of session times and durations, dates and times of connecting, and methods of connecting: and emails "invites" sent or received via Dropbox, and any contact lists.

c.     All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to

register the account, log-in IP addresses associated with session times and dates,

account status, alternative e-mail addresses provided during registration, methods of

connecting, log files, and means and source of payment (including any credit or bank

account number);

        d.     All records or other information stored at any time by an individual using

the account, including address books, contact and buddy lists, calendar data, pictures,

and files;

        e.     All records pertaining to communications between Dropbox and any

person regarding the account or identifier, including contacts with support services and

records of actions taken.

## II.    Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and

instrumentalities of violations of 18 U.S.C. § 2252A, pertaining to the possession and

distribution of child pornography, which are located at the specified Dropbox user

accounts.

For the time period of 11/05/2019 through Present:

        1.     Any and all Basic Subscriber Information including but not limited

        to name and address, phone numbers, email addresses, creation date of account,

        account status, any and all additional account information on record, friends and

        or contact list(s), registration Internet Protocol address of account, date of

account registration, all available archived Internet Protocol address history logs, last known Internet Protocol addresses and all devices associated with the account;

2.      The contents of any and all stored digital images and/or video files of child pornography including logs indicating the IP address, date, and time of upload of each individual file;

3.      Any and all Dropbox account logins for aforementioned Dropbox account to include date and time user(s) logged into account and [internet Protocol address recorded at the time of login;

4.      Any and all payment information including credit card or debit card number or bank account number and associated payment information;

5.      Any and all information regarding National Center for Missing & Exploited Children (NCMEC) "Cybertip" reference number: 73229617 & 88945837;

6.      Any and all evidence, data or information pertaining to the identity of the user having dominion, control or authority over the Dropbox account;

7.      Any and all evidence, data or information pertaining to the intent to possess or disseminate child pornography, including evidence of the individual's state of mind;

8.      Any and all visual depictions of minors.

## III.    Method of delivery

Items seized pursuant to this search warrant can be served by sending, on any digital media device, to Detective Sergeant Tim McNaught located at the address 400 S Vine St, Urbana, IL 61801, using the US Postal Service or another courier service, notwithstanding 18 U.S.C. 2252A or similar statute or code.

The Provider is hereby ordered to disclose the above information to the government within **14 days** of issuance of this warrant.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of

the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this certification is true and correct.  I am employed by **Dropbox, Inc.**, and

my title is _____.   I am qualified to authenticate the records

attached hereto because I am familiar with how the records were created, managed,

stored, and retrieved.  I state that the records attached hereto are true duplicates of the

original records in the custody of **Dropbox, Inc.** The attached records consist of

_____ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**.  I

further state that:

a.      all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth by, or from information transmitted by, a person with

knowledge of those matters, they were kept in the ordinary course of the regularly

conducted business activity of **Dropbox, Inc.**, and they were made by **Dropbox, Inc.** as

a regular practice; and

b.      such records were generated by **Dropbox, Inc.'s** electronic process or system that

produces an accurate result, to wit:

1.      the records were copied from electronic device(s), storage medium(s), or

file(s) in the custody of **Dropbox, Inc.** in a manner to ensure that they are true

duplicates of the original records; and

2.      the process or system is regularly verified by **Dropbox, Inc.,** and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____          _____

Date                                                                Signature